## Wall's Appeal.

The Act of 29th March 1832, does not require personal notice to be given to heirs, even if they be minors, of proceedings by the administrator to sell real estate for the payment of the debts of the decedent.

Where public notice of the time and place of sale is given as required by the act, the proceedings are valid.

Weaver's Appeal, 7 *Harris* 416, affirmed.

APPEAL from the Orphans' Court of *Allegheny county*.

On the 19th day of April 1856, Joseph S. Morrison, administrator of David Wilson, deceased, presented his petition to the court, setting forth that the personal estate was insufficient for the payment of the debts of the decedent, &c., and praying the court for an order to sell a certain tract of four and a half acres of land, and twenty-one acres of coal under land adjacent thereto. The court granted an order to sell the same, on the 9th day of June 1856; the terms being one-half the purchase-money to be paid on the confirmation of the sale, and the residue in one year thereafter, with interest.

The statement of the personal estate annexed to the petition amounted to about $3500, a portion of which was regarded doubtful, and nearly one-half unavailable. The debts which had come to the knowledge of the administrator amounted to $4908.34.

The administrator returned the property unsold, and an *alias* order was granted, upon which a similar return was made. The administrator thereupon filed a supplementary petition, praying leave to sell, in addition, the mansion farm, stated to contain 135 acres, and 81 acres of coal adjacent. Whereupon an order was granted to sell the same on the 20th of May 1857.

By a survey made for the administrator, between the granting of the order and the sale, the mansion farm was found to contain only ninety-three acres. And at the sale it was put up and sold by the acre as ninety-three acres, and it, and the coal in the adjacent land, were struck down to James Wall, the appellant, at $50 per acre. On the 13th July, the administrator made return that he had sold the farm, containing *ninety-eight acres*, and the eighty-one acres of coal land, to James Wall at $50 per acre, amounting to $8950.

To this return the purchaser, Wall, filed exceptions, setting forth in substance, that the petition did not set forth the parties in interest, omitting the widow of decedent, and did not state whether the minor children have guardians, nor the residence of any of the parties named.

That no copy of the inventory of the personal property was

attached, nor was the mansion house, &c., reserved to the last. That no notice of the proceedings was given to the minor children or their guardians, as required by Act of 29th March 1832, and the rules of court, before the order of sale was granted. That the order embraced more of the real estate than was necessary to pay the debts, &c. And the order was erroneous in returning the quantity in the farm as ninety-eight acres, when it should have been ninety-three acres.

The 11th and 12th rules of the Orphans' Court of Allegheny provide, that notice of the application to sell or mortgage real estate shall be given to all parties interested, by citation, in the manner prescribed by the 57th section of the Act of 29th March 1832, and the court upon the return of the citation may appoint an auditor to investigate the facts. And in all cases of an order for the sale or mortgage of real estate of a decedent, in addition to the public notice required by the 54th section of the Act of 29th March 1832, ten days' personal notice of such sale shall be given to the heirs, devisees, and others interested therein, in the manner prescribed in the 52d and 53d sections of the same act, and proof of such service to be made, &c.

The court below, after argument, directed the return to be amended, so as to conform to the number of acres contained in the survey, and then confirmed the sale.

From this decree, Wall, the purchaser, appealed, and assigned that the court below erred in overruling the exceptions, and confirming the report of the sale.

*Hasbrouck*, for appellant.—The powers of the Orphans' Court are limited by the various provisions of law, and the rules of court, which are designed to protect and guard the interests of heirs and devisees. The Act of 24th February 1834, § 20, provides that he shall, under the direction of the court, sell so much as shall be necessary to supply the deficiency in the personal estate. The Act of 29th March 1832, § 33, provides that no authority for such sale shall be granted, until the administrator has exhibited to the court "a true and perfect inventory, and conscionable appraisement of all the personal estate," &c. And also that the mansion house, or most profitable part of the estate, shall be reserved to the last.

In the present case, the mansion and most profitable part of the estate is sold first, to raise less than $3000 debts, leaving two-thirds of the real estate of the widow and heirs converted into money. No inventory was exhibited, but merely a statement of amount.

The rules of court, too, required a citation upon the widow and heirs, before the order was granted, and personal notice of the sale ten days before it was made, both of which were omitted in this case. Can such a sale confer a title? It is admitted that one-

[Wall's Appeal.]

third of the real estate sold was sufficient to supply the deficiency in the personal estate. It was unnecessary to sell and convert the whole into money, to the prejudice of the heirs, and without a hearing and a day in court.

If one-third was not sufficient to pay the debts, then the court had no power to postpone the creditors by ordering a sale on time.

*G. P. Hamilton,* for appellee, cited and relied upon Weaver's Appeal, 7 *Harris* 416; M'Pherson *v.* Cunliff, 11 *S. & R.* 441; Beeson *v.* Beeson, 9 *Barr* 294.

The opinion of the court was delivered by

KNOX, J.—A purchaser at an administrator's sale, made under an order of the Orphans' Court to pay debts, asks us to reverse the decree confirming the sale, because the heirs of the decedent, some of whom are minors, were not personally notified of the proceedings and sale. The allegation of the purchaser is, that unless personal notice was given to the heirs, and particularly to minors, the administrator's deed, made under the decree of the Orphans' Court confirming the sale, would not pass a good title. But in this he is mistaken. This court decided, in Weaver's Appeal, 7 *Harris* 416, that where public notice was given of the sale, under the provisions of the fifty-fourth section of the Act of 29th March 1832, the proceedings were regular and valid. In the present case, all appear to have had notice of the sale that were interested as heirs, and desire its confirmation. The purchaser will unquestionably take the title the decedent held at his death, and that is all he bargained for.

We repeat that the Act of Assembly does not require personal notice to be given to the heirs (even if minors) of proceedings to sell real estate, to pay debts, by administrators or executors in the Orphans' Court; but as a precautionary measure we entirely approve of the rules of the Orphans' Court of Allegheny county, which require personal notice to be given of the application and sale. Several other objections were made in the Orphans' Court to the confirmation of the sale in the case in hand, but they were not pressed upon the argument in this court, and would not have availed the appellant if they had been.

We can see no good reason why the contract of sale should not be executed.

Decree affirmed at appellant's costs.